United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

JUVENAL MAGANA BAEZ, et al.,

Plaintiffs,

v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al.,

Defendants.

Case No. 26-cv-00928-PHK

**ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND MOTION TO SEAL**

Re: Dkts. 27, 28

## INTRODUCTION

Pending before the Court is Plaintiffs' Motion for Leave to File a First Amended Complaint ("FAC") [Dkt. 27] and an Administrative Motion to File Under Seal [Dkt. 28] in connection with the same. For the reasons discussed herein, the Court **GRANTS** both the Motion for Leave and the Motion to Seal.

## BACKGROUND

Plaintiffs Juvenal Magana Baez and Blanca Zepeda Lomeli ("Plaintiffs") brought this action against United States Citizenship and Immigration Services ("USCIS"), Kristi Noem, Pamela Bondi, Joseph Edlow, and Carrie M. Selby ("Defendants") alleging violations of the Administrative Procedure Act ("APA") and Fifth Amendment due process. [Dkt. 1]. Specifically, Plaintiffs challenge the denial of their applications for adjustment of status to lawful permanent resident status by USCIS. *Id.* at ¶ 1. Plaintiffs allege that "USCIS adopted and applied an unlawful policy requiring Department of Justice ('DOJ') case closure letters to include the specific word 'complete' to satisfy the evidentiary requirement under 8 C.F.R. § 245.23(a)(4), despite no such requirement in the statute (8 U.S.C. § 1255(l)), regulations, or prior agency guidance." *Id.* "Plaintiffs seek a declaration that

United States District Court
Northern District of California

this change in policy is arbitrary, capricious, and contrary to law under the [APA], 5 U.S.C. § 706(2)(A); vacatur of the denials; a permanent injunction barring the policy change to their cases; and an order compelling re-adjudication in accordance with law." *Id.* at ¶ 2.

Plaintiffs filed the Complaint in this action on January 29, 2026. *Id.* On July 22, 2026, Plaintiffs filed the instant motion for leave to file a FAC. [Dkt. 27]. According to Plaintiffs, "[t]he proposed amendment would: (1) add twenty proposed Plaintiffs, including trafficking survivors and qualifying derivative family members who have been injured by the same challenged USCIS policy or practice; (2) add class allegations; and (3) incorporate material factual and legal developments occurring since Plaintiffs filed the original complaint on January 29, 2026." *Id.* at 4. Defendants filed an opposition brief, [Dkt. 33], and Plaintiffs filed a reply, [Dkt. 34]. The Court held a hearing on the motion on August 27, 2026. [Dkt. 35].

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 15, a party may amend its pleading "once as a matter of course" under certain circumstances. Fed. R. Civ. P. (15)(a)(1)(A)-(B). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "[L]eave to amend shall be freely granted 'when justice so requires.'" *Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008) (quoting Fed. R. Civ. P. 15(a)(2)). "This policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotations omitted) (citation omitted). When considering whether to grant leave to amend, the Court considers several factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) previous amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court weighs prejudice to the opposing party most heavily. *Eminence Cap.*, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

Federal Rule of Civil Procedure 20(a)(1) permits plaintiffs to join in one action when their claims arise from the same transaction, occurrence, or series of transactions or occurrences and present at least one common question of law or fact. Fed. R. Civ. P. 20(a)(1)(A)-(B). Rule 21 permits

the Court, "on just terms," to add a party at any time. Fed. R. Civ. P. 21.

With regards to motions to file exhibits under seal, Local Rule 79-5(a) provides that "[a] party must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents" as opposed to selective redaction. The Ninth Circuit evaluates motions against a strong presumption of public access rooted in the common law. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Id.* at 1178 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal a judicial record bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. *Id.* A party seeking an order to seal court records must articulate "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. *Id.* at 1178–79 (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.,* 187 F.3d 1096, 1102–03 (9th Cir.1999)).

**DISCUSSION**

Leave to amend is proper under Rule 15(a)(2). Defendants' arguments in opposition to granting leave center solely around futility of amendment. Defendants argue amendment to the Complaint would be futile because the Court lacks subject matter jurisdiction, and Plaintiffs lack Article III standing. [Dkt. 33 at 2]. For the reasons discussed below, the Court finds that it has subject matter jurisdiction, and Plaintiffs have standing. Thus, leave to amend is properly granted.

Defendants argue that "the Court lacks subject matter jurisdiction to review USCIS's discretionary denial of adjustment-of-status applications under 8 U.S.C. § 1252(a)(2)(B)(i)." *Id.* Specifically, Defendants aver "this jurisdictional bar is meant to be applied broadly and extends to collateral challenges to a policy where the asserted claim is tied to the agency's denial of the plaintiffs' applications—precisely the type of situation here." *Id.* While Defendants are correct that the Court lacks jurisdiction to review denial of adjustment-of-status applications under 8 U.S.C. § 1252(a)(2)(B)(i), they incorrectly state that this is the situation here. As the Court pointed out at the hearing on this motion, the proposed FAC does not ask for reversal of any denial, rather it seeks

adjudication of whether a policy is constitutional.

Section 1252(a)(2)(B)(i) bars review of judgments made in connection with individual adjustment decisions but does not categorically bar collateral challenges to generally applicable agency policies and procedures. *See Nakka v. U.S. Citizenship & Immigr. Servs.*, 111 F.4th 995, 999 (9th Cir. 2024) (holding that § 1252(a)(2)(B)(i) does not categorically bar collateral challenges to generally applicable USCIS policies); *Garcia v. U.S. Citizenship & Immigr. Servs.*, 146 F.4th 743, 749–53 (9th Cir. 2025) (holding that a purported policy challenge was barred where it was "bound up with" USCIS's completed denial, while reaffirming *Nakka*'s distinction for collateral challenges not made in connection with an individual denial); *Behdin v. Edlow*, No. 26-cv-00566 SVK, 2026 WL 1031079, at *6 (N.D. Cal. Apr. 16, 2026) (holding that applicants with pending applications already affected by a challenged USCIS policy occupied a "third category" distinct from both *Nakka*'s non-filing plaintiffs and *Garcia*'s denied applicant, and that § 1252(a)(2)(B)(i) did not bar review); *Varniab v. Edlow*, No. 25-cv-10602-SVK, 2026 WL 485490, at *7 (N.D. Cal. Feb. 20, 2026) (holding that § 1252(a)(2)(B)(i) did not bar a challenge to a generally applicable USCIS policy affecting pending applications rather than factual findings or subsidiary decisions in completed adjudications).

Here, Plaintiffs seek to challenge a USCIS policy. Plaintiffs do not ask this Court to decide whether USCIS correctly adjudicated any particular I-485 application on that applicant's individual record. Nor do they seek an order directing approval of an individual application, review of the propriety of a particular Request for Evidence ("RFE"), or reversal of the factual determinations in a particular denial. Whatever the original complaint's description of Plaintiffs' initial denial, the proposed FAC, which is the pleading at issue here, expressly alleges an antecedent, generally applicable evidentiary practice and does not seek an order determining that any particular applicant is entitled to adjustment of status. Thus, the Court has sufficient subject matter jurisdiction over this case.

Defendants additionally argue that "Plaintiffs lack Article III standing because their Form I-485 applications have been approved, mooting their claims and eliminating any ongoing injury that the Court could redress. Without a personal stake in the outcome, Plaintiffs cannot maintain this

United States District Court
Northern District of California

action or revive it by adding new individuals whose claims either remain within USCIS's ongoing adjudicatory process or are independently barred by the same jurisdictional limitations." [Dkt. 33]. Defendants inappropriately conflate post-filing mootness with lack of standing at inception.

The chronology here is undisputed. USCIS denied Plaintiffs' adjustment applications before this action commenced. [Dkts. 34 at 8, 33 at 2]. Plaintiffs filed suit on January 29, 2026. [Dkts. 34 at 8, 33 at 4]. USCIS did not approve their applications until May 13, 2026, after Mr. Magana Baez submitted a supplemental DOJ letter through a motion to reopen and reconsider. *Id.* Thus, when this action commenced, the original Plaintiffs were subject to actual adverse agency action, sought judicial relief from the alleged policy underlying that action, and had not yet received the relief USCIS later provided. USCIS's May 13, 2026 approvals may bear on whether Plaintiffs retain a live personal stake in particular forms of relief, but those post-filing events cannot establish that they lacked standing when this action commenced on January 29, 2026. Thus, Plaintiffs possess sufficient Article III standing. Additionally, the proposed Plaintiffs "allege injury from the same USCIS evidentiary practice challenged from the outset[.]" [Dkt. 34 at 10]. The Court thus finds it just to add the proposed Plaintiffs to this action.

In addition to the Motion for Leave, Plaintiffs also filed a Motion to Seal in connection with the same. [Dkt. 28]. Plaintiffs move to file under seal the unredacted version of their proposed FAC. *Id.* at 2. The public version of the FAC uses initials for nineteen trafficking survivor proposed Plaintiffs. *See* Dkt. 27-2. The unredacted version which Plaintiffs seek to seal contains those proposed Plaintiffs' full names. *See* Dkt. 28-3. "Plaintiffs seek no sealing of the allegations, legal arguments, or other substantive portions of the proposed pleading. The complete public pseudonymized version is available at ECF No. 27-2. The requested sealing is limited to the duplicate unredacted version that provides the Court with the Proposed Plaintiffs' identities." [Dkt. 28 at 2]. Plaintiffs argue that "[c]ompelling reasons support protecting the identities of the nineteen Proposed Plaintiffs" as "[t]hey are survivors of severe human trafficking and have submitted declarations describing well-founded fears of retaliation and further harm from public identification." *Id.*

Upon review, Plaintiffs have sufficiently plead compelling reasons supported by specific

factual findings that outweigh the general history of access and the public policies favoring disclosure. Further, Plaintiffs have engaged in selective redaction to ensure the maximum amount of content within the FAC remains publicly available. The Court also notes that it previously granted Plaintiffs' related Motion for Leave to Proceed Under Pseudonym for Proposed New Plaintiffs [Dkt. 24] and Motion to File Under Seal the Unredacted Proposed FAC [Dkt. 25]. *See* Dkts. 29, 30.

Therefore, the Court **GRANTS** Plaintiffs' Motion to Seal. [Dkt. 28].

**CONCLUSION**

For all the reasons discussed herein, the Court **GRANTS** both the Motion for Leave and the Motion to Seal. Plaintiffs are directed to file the proposed FAC filed as Dkt. 27-2 as a standalone entry on the docket by **<u>November 16, 2026</u>**.

This **RESOLVES** Dkts. 27 and 28.

**IT IS SO ORDERED.**

Dated: November 10, 2026

PETER H. KANG
United States Magistrate Judge